**Charles V. CLEMENT, Jr., et al.,
Plaintiffs, Appellants,**

v.

**UNITED STATES of America,
Defendant, Appellee.**

**No. 7181.**

United States Court of Appeals
First Circuit.

Heard Dec. 4, 1968.

Decided Jan. 15, 1969.

George A. Stella, Lawrence, Mass., with whom Robert B. Milgroom, Boston, Mass., was on brief, for plaintiffs-appellants.

Jeanine Jacobs, Atty., Dept. of Justice, with whom Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Crombie J. D. Garrett, Attys., Dept. of Justice, Paul F. Markham, U. S. Atty., and Joseph A. Lena, Asst. U. S. Atty., were on brief; for defendant-appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This is an appeal from an order of the district court dismissing plaintiffs' suit for refund of federal income taxes alleged to have been erroneously and illegally assessed and collected. Plaintiffs are trustees of a Massachusetts business trust known as Clement Realty Trust. As such they filed fiduciary income tax returns and paid the taxes assessed for each of the fiscal years ending June 30, 1959–1963. Subsequently, during the course of Internal Revenue's examination of these returns a preliminary determination was made that the trust was revocable and that the income from it was taxable to the grantors. By letter dated January 20, 1965, Internal Revenue notified the trustees of this determination and enclosed a copy of its report. Also enclosed were Forms L–34 relating to the taxable years 1961–63 indicating an overassessment and stating in pertinent part:

"The Internal Revenue Service may not be able to complete the review of your return for the year mentioned prior to the date of expiration of the period of limitation prescribed in section 6511 of the Internal Revenue Code. It is therefore suggested that you protect your rights in the matter by preparing and filing a claim upon the enclosed Form 843. The claim should set forth in detail the grounds or basis of the apparent overpayment as indicated below, be properly executed and filed immediately with this office at the address shown in the letterhead."

The January 20 letter also contained the following notation:

"Inasmuch as a statutory notice of deficiency will be issued to the grantors, Charles V. Jr., and Barbara G. Clement, for the years 1959, 1960, 1961 & 1962, no overassessments will be scheduled pending disposition of the related case."

On March 19, 1965, the trustees filed refund claims with Internal Revenue for each of the taxable years involved stating as their reason that the refund should be allowed "To protect the taxpayer's Constitutional rights." No action having been taken on these claims, the trustees filed a refund suit in the district court in January 1967. In that proceeding the government argued successfully that taxpayer's reason why the claim should be allowed did not meet the regulatory requirement of specificity[1] and on March 20, 1967, the court dismissed the complaint for failure to state a claim upon which relief can be granted. No appeal was taken.[2]

On April 14, 1967, the trustees again filed refund claims with Internal Revenue for the years in question. These were disallowed in full on April 27, 1967, and on January 31, 1968, the instant complaint was brought. Shortly thereafter on motion of the government the district court dismissed the complaint for want of jurisdiction over the subject matter and this appeal followed.

The merits of the tax action taken by the government here is not before us. The sole question is whether plaintiffs' claims for refund are barred by the statute of limitations. Int.Rev.Code of 1954 § 6511(a) specifically requires that claims for refund shall be filed with Internal Revenue within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires later. Int.Rev.Code of 1954 § 7422(a) provides that no suit for refund shall be maintained "until a claim for refund or credit has been duly filed * * * according to the provisions of law in that regard, and the regulations * * * established in pursuance thereof."

There is no dispute that the fiduciary income tax returns for the five years in question were timely filed and paid[3] and that the controlling claims for refund were not filed until April 14, 1967. Obviously these claims were not filed within the three year period prescribed by § 6511(a) supra, and therefore are time barred.

Plaintiffs argue that this case is subject to an exception to § 6511(a) as to the time for filing their claims for refund because of an alleged agreement with Internal Revenue for an extension of time.[4] Therefore, their theory goes, the statute of limitations never ran on the original March 1965 claims and the time period was still open on April 14, 1967. This issue was not raised in the district court and therefore is not properly before us. In any event, the usual means of bringing the extraordinary provisions of § 6511(c) into operation is to file Form 872 (Consent Fixing Period of Limitations Upon Assessment of Income and Profits Tax) prior to the expiration of the statutory period. The record does not support plaintiffs' con-

1. 26 C.F.R. § 301.6402–2(b) (1) (1968) provides in pertinent part:

   "(b) *Grounds set forth in claim.* (1) * * * The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

2. A companion refund suit brought by Charles and Barbara Clement, Jr. as individuals was also dismissed on the same date for the same reasons and no appeal was taken.

3. Since taxpayer's fiscal year ended on June 30, its income tax returns had to be filed by October 15 of each year.

4. Int.Rev.Code of 1954 § 6511(c) provides that where there has been such an agreement under the provisions of Int.Rev.Code of 1954 § 6501(c) (4), the period for filing claim for refund extends to six months after the expiration of the period within which an assessment may be made pursuant to the agreement. Under § 6501(c) (4) the agreement to extend must be executed before the statute of limitations for assessment has run.

tention that such forms were ever filed.[5]

Nor are we persuaded by plaintiffs' argument that the April 14, 1967, claims were supplemental to and in amendment of the original claims timely filed on March 19, 1965. Under proper circumstances an original claim may be supplemented or amended after the expiration of the period of limitations applicable to filing claims. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405 (1938), but here the original claim had already been dismissed by the district court and was no longer pending on April 14, 1967. In short, there was nothing left to amend. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 77 L.Ed. 619 (1933); Edwards v. Malley, 109 F.2d 640 (1st Cir. 1940).

Finally, plaintiffs rely upon Int. Rev.Code of 1954 § 6532(a) (1) [6] which establishes periods of limitations on suits by taxpayers for refunds. The two year statutory period begins to run with the mailing of a notice of disallowance and plaintiffs argue that their suit, commenced on January 31, 1968, was within that period, notice of disallowance having been sent on August 22, 1967. But § 6532(a) (1) is expressly governed by the terms of Int.Rev.Code of 1954 § 7422(a) which prohibits suit "until a claim for refund or credit has been duly filed with the Secretary or

his delegate, * * *." Thus, § 6532(a) does not cure the procedural defect in plaintiffs' case.[7]

Although we appreciate that plaintiffs are being held to account twice for the income in question, the fact is that they failed to comply with the explicit procedures requisite to a refund suit against the United States. We sympathize with their predicament but the law is clear and we can reach but one result.

Affirmed.

5. A "transmittal letter" reproduced in the government's brief indicates that an agreement was reached extending the statute of limitations for the year 1961 until June 30, 1965. Even so, the April 14 claim for fiscal 1961 was not filed within six months of June 30, 1965, as required by Int.Rev.Code of 1954 § 6511(c) (1).

6. "SEC. 6532. PERIODS OF LIMITATION ON SUITS
(a) SUITS BY TAXPAYERS FOR REFUND.—
    (1) GENERAL RULE.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary

or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

7. We regard plaintiffs' further arguments (1) that jurisdiction lies in any event because they were not required to file tax returns, the trust having no adjusted gross income or taxable income, and (2) that if the statute of limitations had run, Internal Revenue in January 1965 would not have instructed them to file claims for refund, to be so lacking in merit as not to warrant discussion.