Irving **SCHNEIDER**, as Trustee in Bank-
ruptcy of Process Lithographers,
Inc., Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 67 Civ. 4891.

United States District Court
S. D. New York.

June 2, 1969.

Leinwand, Maron & Hendler, New
York City, for plaintiff, by Milford D.
Gerton, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for
Southern District of New York, for Unit-
ed States, by Brian J. Gallagher, New
York City, of counsel.

## OPINION

POLLACK, District Judge.

The Government moves to dismiss this
income tax refund suit under Rule 12(b),
Fed.R.Civ.P., for lack of subject matter
jurisdiction due to the alleged failure of
the taxpayer to file a timely claim for
the refund with the Internal Revenue
Service.

Process Lithographers, Inc. (herein-
after "Process") sustained an operating
loss for the year 1961 and claims herein
(through its trustee in bankruptcy) the

right to carry back this loss to income from operations in the years 1958, 1959 and 1960; if allowable, such a carry-back would result in a refund of $167,136.17 in federal income taxes.

The statute involved, 26 U.S.C. Section 7422(a) of the Internal Revenue Code of 1954,* provides that no suit shall be maintained in any court for the recovery of a tax collected erroneously until a claim for a refund has been duly filed with the Secretary of the Treasury or his delegate. To have been "duly filed", a refund claim must have been filed within the applicable period of limitations; a tardy claim cannot ground jurisdiction of a suit for refund of taxes. Benenson v. United States, 257 F.Supp. 101 (S.D.N.Y.), aff'd 385 F.2d 26 (2d Cir. 1967).

The time limit within which a corporation must file a refund claim based on a net operating loss carryback, is the 15th day of the 39th month following the end of the taxable year of the loss which results in the carryback; or, as an alternative time limit if it produces a later date, where a District Director has entered into a written agreement with a taxpayer to extend the time within which taxes for a given year may be assessed against the taxpayer, then a refund claim may be filed within six months after the last day on which taxes could be assessed pursuant to the extension agreement. Sections 6511(d) (2); 6511(c); 6501(c) (4).

Process was a calendar year corporate taxpayer. The normal time for Process to file a refund claim in respect of its 1961 income expired on March 15, 1965. It filed its refund claim in respect of its 1961 income on September 3, 1965.** To avail itself of the alternative time limit fixed in the statute for refund claims, Process contends that it had an agreement within the meaning of Section 6501

(c) (4) with the District Director to extend the time to assess a tax on 1961 income; that the time to assess a tax as allegedly so extended expired on September 15, 1965; and, accordingly, that a refund claim was timely if filed by March 15, 1966.

The agreement relied on by the taxpayer turns out to be an agreement by which the District Director, at the request of Process, extended the corporation's time to file its 1961 Income Tax Return from March 15, 1962, when it was due, until September 15, 1962. Process would equate this extension to one extending the Government's time to assess a tax because the effect of an extension of time to file a return is automatically to extend pro tanto the time to assess a tax. The statute links the time for assessment of a tax to the filing of the return "whether or not such return was filed on or after the date prescribed," Section 6501(a).

In short, Process claims that there are two ways of extending the deadline for assessment of a tax which would qualify to invoke the alternative time limit for a refund claim, viz: an express agreement, i. e., an agreement specifically extending the Government's time to assess a tax; and an implied agreement, i. e., an agreement extending to the taxpayer's time to file his return.

The argument of the plaintiff, while ingenious, has no basis in the statute or in equity. Normally, under the statutory scheme, the period for the filing of a refund claim is the same period which the Government has within which to make an assessment. Three years after the due date of the return of a corporation is normally the same date as the limitary date for filing a refund claim. Cf. Sections 6072(b) and 6511(d) (2). The taxpayer is not entitled to an

* All references herein to "Sections" are to the Internal Revenue Code of 1954.

** A firm of accountants sent a letter put forth herein as a purported refund claim, dated January 10, 1964, to the District Director at Chicago relative to an operating loss of Process in 1960. The 1961 return was filed in Manhattan and that is where a refund claim had to be filed in respect thereto. The letter directed to Chicago relative to a different tax year may not be used to establish jurisdiction of the claim in this suit.

**138**

extra period within which to claim a refund merely by securing a grace period beyond the normal filing date for filing its tax return. It is only where the Government has obtained additional time beyond its normal period (three years) to assess a tax that the statute has given the taxpayer additional time (six months beyond the extended deadline to assess a tax) within which to claim a refund.

There was no written agreement to extend the normal three-year period (from the filing of the return) for assessment of tax for 1961 and the refund claim filed on September 3, 1965 was almost six months late.

Accordingly, jurisdiction of the subject matter is lacking and the motion of the Government is granted. Complaint dismissed.

So ordered.