Lillian **MONDSHEIN**, as Administratrix
of the Estate of Benjamin Mondshein
and Lillian Mondshein, Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

No. 70–C–267.

United States District Court,
E. D. New York.

Oct. 7, 1971.

Amen, Weisman & Butler, by Robert L. Ellis, New York City, for plaintiff.

Robert A. Morse, U. S. Atty., E. D. New York, Brooklyn, N. Y., by Carl Stewart, Asst. U. S. Atty., for defendant.

*Memorandum of Decision and Order*

MISHLER, Chief Judge.

This is an action for the refund of taxes paid brought pursuant to 26 U.S. C. § 7422. Jurisdiction is alleged to exist under 28 U.S.C. § 1346(a) (1). Defendant has moved for judgment on the pleadings under Rule 12(c) F.R.Civ.P. The essence of defendant's claim is that the court does not have subject matter jurisdiction of the instant controversy in that plaintiff has not filed a timely claim for refund according to the provisions of 26 U.S.C. § 7422(a). As matters outside the pleadings have been presented to the court, and have not been excluded, the motion shall be treated as a motion for summary judgment under Rule 56 F.R.Civ.P., as provided for in the text of Rule 12(c) F.R.Civ.P. For the purposes of its motion, defendant has admitted all the factual allegations in the complaint.

The facts are as follows: Plaintiff [taxpayer] and her deceased husband always used the calendar year as their fiscal year. Taxpayer brings this action in her own right and as administratrix of her husband's estate. On or about March 15, 1956 and 1957, the deceased filed joint returns for himself and his wife, paying in full the taxes as computed thereon for the prior calendar year. Benjamin Mondshein, taxpayer's husband, died on December 5, 1957. On or about March 15, 1958, taxpayer, for herself and as administratrix, filed a return for the calendar year 1957. The taxes due as computed on that return were paid.

On February 6, 1963, the Internal Revenue Service notified taxpayer that a deficiency had been found in her payments for the year 1957 and that an assessment in the amount of $11,193.73 was being made. Plaintiff taxpayer alleges, and defendant admits for the purposes of the motion, that this assessment was the result of a change in method of accounting dictated by the Service. Taxpayer paid the assessment in full on March 1, 1963. On February 2, 1965, plaintiff filed a claim for a refund in the amount of $10,547.67. This claim was allowed and taxpayer, on October 22, 1965, was refunded $10,616.95, representing the entire claim plus interest. Taxpayer filed a further claim for refund for the years 1955, 1956 and 1957 on September 22, 1966. An amended claim based on the same underlying claim was filed on June 26, 1967, requesting the refund of $14,285.36 plus interest. On or about November 2, 1967, taxpayer was notified by the Internal Revenue Service that the claim of September 22, 1966, as amended, was rejected. This decision was appealed by taxpayer to the Appellate Division of the Internal Revenue Service, which affirmed the rejection, so notifying taxpayer on August 1, 1968. Taxpayer thereafter applied for reargument and reconsideration, both of which applications were rejected on August 13, 1968 and October 14, 1968, respectively. This suit followed.

Defendant asserts that the applicable statute of limitations for claims such as that pressed by taxpayer is contained in 26 U.S.C. § 6511(a).[1] That sub-section states that claims for refund shall be filed within three years from the time a return is filed or two years from the payment of the tax, whichever is later, or two years from the payment of the tax if no return is filed. No return was filed for the assessment paid by taxpayer on March 1, 1963. Section 6511(b) (1) states that if a claim is not filed within the above time periods no refund or credit shall be granted.[2] Defendant then points to sub-section (a) of 26 U.S.C. § 7422, which lays down the rule that no suit shall be maintained for the recovery of taxes unless a claim has been "duly filed."[3] No return having

---

1. § 6511. Limitations on credit or refund

(a) Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

2. § 6511(b) (1) reads:

(b) Limitation on allowance of credits and refunds.—

(1) Filing of claim within prescribed period.—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

3. 26 U.S.C. § 7422. Civil actions for refund

(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally as-

been filed in the instant case, and the assessment having been paid on March 1, 1963, defendant asserts that taxpayer had until March 1, 1965 to file a claim. A claim was indeed filed on February 2, 1965, well within the limitations peirod of 26 U.S.C. § 6511(a). This claim was allowed in full on October 22, 1965.

The controversy centers about the claim filed on September 22, 1966. Defendant asserts that that claim was not timely filed, and that such a defect deprives this court of subject matter jurisdiction because of the effect of 26 U.S.C. § 7422(a). That sub-section does not refer to jurisdiction *in haec verba,* but the non-fulfillment of its requirements has been held to be a jurisdictional defect. Algonac Mfg. Co. v. United States, 428 F.2d 1241, 1249, 192 Ct.Cl. 649 (1970). Section 7422(a) does not contain any mention of timeliness, but only states that a claim must have been "duly filed." This term has been held to include timeliness: "To have been 'duly filed', a refund claim must have been filed within the applicable period of limitations; a tardy claim cannot ground jurisdiction of a suit for refund of taxes." per Pollack, J., in Schneider v. United States, 300 F.Supp. 136, 137 (S.D.N.Y.1969) citing Benenson v. United States, 257 F.Supp. 101 (S.D.N.Y.1967), aff'd 385 F.2d 26 (2d Cir. 1967). See also J. C. Pitman & Sons, Inc. v. United States, 317 F.2d 366, 368, 161 Ct.Cl. 701 (1963); Prentis v. United States, 273 F.Supp. 460, 477 (S.D.N.Y.1967).

■ It is thus evident that were taxpayer's claim of September 22, 1966 to be a new and ordinary refund claim for taxes paid without a return before September 22, 1964, or with a return filed before September 22, 1963, this court would have no jurisdiction over the suit, a claim for refund not having been duly filed.

Taxpayer makes three arguments in support of the timeliness of her claim for refund made on September 22, 1966. First, she argues that the claim of September 22, 1966 must be considered an amendment of the claim of February 2, 1965 and is thus not subject to the limitations period contained in 26 U.S.C. § 6511(a). Second, she states that as the Commissioner changed her method of accounting, she becomes eligible for the adjustment provisions contained in 26 U.S.C. § 481, and that these adjustment provisions incorporate by reference the special mitigation provisions contained in 26 U.S.C. § 1314(b), thus extending the time in which a claim must be filed. Third, she states that she is eligible for the benefits provided by the mitigation provisions taken as a whole, 26 U.S.C. §§ 1311–15.

■ The claim for refund filed on September 22, 1966 cannot be considered an amendment of the prior claim made on February 2, 1965, which claim was allowed in full on October 22, 1965. As stated by the Court in New York Trust Co. v. United States, 87 F.2d 889, 891 (2d Cir. 1937), cert. denied 301 U.S. 704, 57 S.Ct. 937, 81 L.Ed. 1359 (1937):

> Allowance of a specific claim and payment of the full sum claimed must be deemed final action thereon, leaving nothing pending for subsequent amendment. No reason is apparent to differentiate between allowance and rejection in this respect, and concededly it is too late to amend after rejection of a claim.

*Cf.* United States v. Memphis Cotton Oil Co., 288 U.S. 62, 72, 53 S.Ct. 278, 282, 77 L.Ed. 619 (1933); Edwards v. Malley, 109 F.2d 640, 645–646 (1st Cir. 1940); Solomon v. United States, 57 F.2d 150, 151 (2d Cir. 1932).

The rule that acceptance of a claim in full bars any subsequent amendment has

sessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

also been applied to more recent cases arising under the 1954 revision of the Internal Revenue Code. Union Pacific R. Co. v. United States, 389 F.2d 437, 182 Ct.Cl. 103 (1968); United States v. Wells Fargo Bank, 393 F.2d 272 (9th Cir. 1968). *Cf.* Clement v. United States, 405 F.2d 703 (1st Cir. 1969). In the light of all the above cases, taxpayer's first contention must fail.

█ Conceding that the action taken by the Commissioner in 1963 relating to certain inclusions and exclusions in taxpayer's income for 1957 amounted to a total change of accounting method and that the adjustment provisions of 26 U. S.C. § 481 do apply, this court holds that the extension of the period of limitations contained in 26 U.S.C. § 1314(b) is not incorporated into § 481. Plaintiff relies upon a reference in 26 U.S.C. § 481(b) (3) (B) which cites 26 U.S.C. § 1314(a).[4] It is self-evident that the mention there made of 26 U.S.C. § 1314 refers only to the method of computation which is indeed set out in sub-section (a) of § 1314. No reference is made to sub-section (b) of § 1314 which is the sub-section which actually extends the time to file claims. The conclusion that taxpayers eligible for the adjustment provisions of § 481 are not automatically granted an extension of the period of limitations is further reinforced by the language of 26 U.S.C. § 1314 itself. Sub-section (b) of § 1314 begins with the words "The adjustment authorized in section 1311(a) shall be made by. . . ." This language is solid support for defendant's contention that sub-section (b) of § 1314 is not to be applied independently of all the provisions of §§ 1311–15 inclusive.

Taxpayer's reliance on Graff Chevrolet Co. v. Campbell, 343 F.2d 568 (5th Cir. 1965) is misplaced. That case dealt with the question of whether or not, when the taxpayer had qualified for the adjustment provisions of § 481, prior closed years could be taken into account in computing the adjustments for open years. The Fifth Circuit ruled that prior closed years could be taken into account. However, that Court's holding can in no way be construed as permitting the actual reopening of closed years as the taxpayer here desires. In fact, the Court there actually congratulated itself on the fact that it did not have to consider such a possibility. 343 F.2d at 570, footnote 2. It is also to be noted that taxpayer's reliance on *Graff* has little relevance to the question here under discussion: whether or not the claim of September 22, 1966 was timely filed. It is more relevant to the actual merits of taxpayer's case, which would only be reached were that claim found to have been timely filed. In the light of the plain language of both sections 481 and 1314, and considering the fact that the court has found no case supporting taxpayer's interpretation of § 481(b) (3) (B), the court must conclude that taxpayer can obtain no relief from the terms of the statute of limitations by operation of any part of 26 U.S.C. § 481.

4. 26 U.S.C, § 481(b) (3)

(3) Special rules for computations under paragraphs (1) and (2).—For purposes of this subsection—

(A) There shall be taken into account the increase or decrease in tax for any taxable year preceding the year of the change to which no adjustment is allocated under paragraph (1) or (2) but which is affected by a net operating loss (as defined in section 172) or by a capital loss carryover (as defined in section 1212), determined with reference to taxable years with respect to which adjustments under paragraph (1) or (2) are allocated.

(B) The increase or decrease in the tax for any taxable year for which an assessment of any deficiency, or a credit or refund of any overpayment, is prevented by any law or rule of law, shall be determined by reference to the tax previously determined (within the meaning of section 1314(a)) for such year.

(C) In applying section 7807(b) (1), the provisions of chapter 1 (other than subchapter E, relating to self-employment income) and chapter 2 of the Internal Revenue Code of 1939 shall be treated as the corresponding provisions of the Internal Revenue Code of 1939.

Taxpayer's last argument is that defendant's motion must be denied because taxpayer may be eligible for the mitigation provisions contained in 26 U.S.C. §§ 1311–15 when taken as a whole. Interpreting the facts in the light most favorable to the taxpayer, the court finds, as a matter of law, that taxpayer would not, under any construction of the facts, be entitled to claim the benefits provided by the mitigation sections of the Internal Revenue Code.

Sections 1311–15 of Title 26, U.S.C., set out an intricate array of qualifications which must be met in order for a taxpayer to be eligible for their benefits. As the purpose of a statute of limitations is to prevent stale claims, United States v. Memphis Cotton Oil Co., *supra*, 288 U.S. at 71, 53 S.Ct. at 281, the provisions of §§ 1311–15, which abrogate the limitations statute, must be strictly construed. Commissioner of Internal Revenue v. Goldstein's Estate, 340 F.2d 24, 27 (2d Cir. 1965); Sherover v. United States, 137 F.Supp. 778 (S.D.N.Y.1956). It is to be remembered that the mitigation provisions do "not purport to relieve against all inequities occasioned by the statute of limitations." United States v. Rushlight, 291 F.2d 508, 514 (9th Cir. 1961).

One requirement for the invocation of the privileges conferred by §§ 1311–15 is the maintenance of "active inconsistency" on the part of the party seeking to take advantage of the statute of limitations.[5] As stated by the Court of Claims in Heineman v. United States, 391 F.2d 648, 651, 183 Ct.Cl. 17 (1968):

Taxpayers, however, contend that since the Commissioner did allow the 1954 refund claim, this in itself is enough to constitute the maintenance by the Commissioner of a position inconsistent with the position taken in prior years . . .

This contention misconstrues the nature of the inconsistent position requirement of section 1311(b) (1).

One does not "maintain" a position, in the ordinary sense of that phrase, merely by accepting a contention or position originated and actively asserted by an opposing party. In order for section 1311 (b) (1) to apply, defendant, as the party relying upon the bar of the statute of limitations, must be the *active* party in maintaining the position, not merely a passive party acceding to a position actively maintained by taxpayers.

In the instant case the taxpayer appears to claim that the allowance of the 1965 claim was inconsistent with the position taken by the Commissioner when he assessed deficiencies against taxpayer and the estate of her deceased husband. If this were so, then taxpayer would have one year from the date of the taking of the inconsistent position, October 22, 1965, in which to file a claim. However, it is evident that in the present matter the defendant's inconsistency, if it can be construed as such, can only be termed passive inconsistency. The terms of the statute are thus not complied with, and taxpayer would not be allowed to take advantage of the mitigation provisions. It is the taxpayer who has here actively advanced the position passively adopted by the Commissioner in allowing the original claim.

There is one type of situation covered by the provisions of §§ 1311–15 where there is no requirement of inconsistency at all. This exception to the general rule was placed in the Code during 1953. Prior to that time, the Internal Revenue Code made no provision for the case of a taxpayer who ought to have taken a credit or deduction in a prior closed year, and who mistakenly attempts to take the credit or deduction in a current year, which deduction or credit is rejected by the Commissioner for the current year. No inconsistency is involved, the taxpayer merely having been mistaken as to when a certain deduction or credit

5. See Finance Committee Report No. 1567, 75th Cong., 3rd Sess. p. 48, set out in 2

Mertens, Federal Income Taxation, § 14.-02, p. 9, (Zimet & Stanley ed. 1971).

was to be taken. Although inequities due to such problems may occur, Congress was concerned that any correction of them might lead to the situation where the taxpayer makes a claim in a current year, knowing that it will be rejected, and thereby manages to reopen a closed year, subverting the basic aims of the statute of limitations.

In the 1953 technical amendments to the 1939 Internal Revenue Code, the Congress managed to solve some of the inequities while avoiding a major abrogation of the statute of limitations. The Senate Finance Committee Report accompanying the legislation explained how this was to be done:

> Where a taxpayer claims a deduction or credit for a taxable year which is later determined to be the incorrect taxable year . . . the amendment would permit a proper adjustment. However, the taxpayer is entitled to the benefits of this provision only if a credit or refund of the overpayment attributable to the deduction or credit for the correct year . . . was not barred at the time the taxpayer formally asserted that he should have received such credit or refund in the year disallowed. Senate Finance Committee Rep. No. 685, 83rd Cong., 1st Sess., 2–1953 U.S.Code Cong. & Admin.News, p. 2432, set out in 2 Mertens, Federal Income Taxation, § 14.03a, p. 18 (Zimet & Stanley ed. 1971).

The provisions added in 1953 which apply to a taxpayer seeking a refund are now contained in 26 U.S.C. § 1311(b) (2) (B):

> (B) *Determination described in section 1312(4)*.—In the case of a determination described in section 1312(4) (relating to disallowance

of certain deductions and credits), adjustment shall be made under this part only if credit or refund of the overpayment attributable to the deduction or credit described in such section which should have been allowed to the taxpayer or related taxpayer was not barred, by any law or rule of law, at the time the taxpayer first maintained before the Secretary or his delegate or before the Tax Court of the United States, in writing, that he was entitled to such deduction or credit for the taxable year to which the determination relates.

Assuming for the sake of argument that the "determination" here involved was the type of determination referred to in § 1311(b) (2) (B), it is evident that the specific claim of taxpayer here [6] was not maintained before the Commissioner prior to the running of the statute of limitations either on 1957 before the 1963 adjustments or on the assessments collected in 1963. As to the year 1957, the statute would run, for purposes of a net loss carry-back, on the 15th day of the fortieth month after the close of the taxable year of the loss, or April 15, 1961.[7] As to the 1963 assessment, the statute would bar claims made after March 1, 1965. The claims for 1955 and 1956 were first advanced in the claim for refund filed on September 22, 1966. No claim for a net operating loss carry-back for any year was made prior to that time. It would seem that it is just such claims that Congress wished to bar when it drafted the provisions contained in the 1953 Amendments which are now contained in 26 U.S.C. §§ 1311–15.

Taxpayer is further barred from use of the provisions contained in 26 U.S.C. § 1311(b) (2) (B) by the simple fact that the 1966 claim was for a refund of

---

6. Taxpayer's claim of September 22, 1966 was for a refund of taxes paid for 1955, 1956 and 1957. She asserted that a mistake had been made in computing the original claim made in 1965, and that were this mistake to be corrected, she would be entitled to a further refund of 1957 taxes and a refund of 1955 and 1956 taxes based on a net loss carry-back.

7. See 26 U.S.C. § 6511(d) (2).

taxes paid in 1958 for 1957, for which a claim had already been filed and allowed in 1965. The above sub-paragraph applies only where the claim was initially made for the wrong year, which is not the case here.

In consideration of all of the foregoing material, this court holds that it does not have jurisdiction over the instant matter, the taxpayer not having duly filed a claim for refund within the applicable period of limitations.

Defendant's motion to dismiss the complaint is granted, and it is

So ordered.