Carrie L. HAZZARD, Plaintiff,

v.

Hon. Caspar WEINBERGER et al.,
Defendant.

No. 74 Civ. 2075 (MP).

United States District Court,
S. D. New York.

Sept. 27, 1974.

Carrie L. Hazzard, pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y. by Peter C. Salerno, Asst. U. S. Atty. (for Weinberger, Fier, Spielberger and Alexander), Louis J. Lefkowitz, Atty. Gen. of New York, New York City (for Wilson, Lefkowitz, and D'Antoni) by David Berman, and Lillian Z. Cohen,

New York City, Mellen, Donnelly & Fogarty, New York City (for Morgano), by Patrick J. Fogarty, Jr., New York City, Morris, Duffy, Ivone & Jensen, New York City (for Somers and McGowan), by Quentin M. Stewart, New York City, for defendants.

Martin Walters, pro se.

## MEMORANDUM

POLLACK, District Judge.

Sixteen of the 23 defendants involved in this action move to dismiss the complaint, as amended, six others having filed answers and one defendant not having been properly served. The moving defendants are Caspar Weinberger, Secretary of Health, Education, and Welfare; Seymour Fier, a Social Security Hearing Examiner; John Spielberger, an Internal Revenue official; Donald Alexander, Commissioner of Internal Revenue; Malcolm Wilson, Governor of New York; Louis Lefkowitz, Attorney General of New York; Albert D'Antoni, Chairman of the New York State Workmen's Compensation Board; Brendan Byrnes, Governor of New Jersey; William Hyland, Attorney General of New Jersey; James Alloway, President of the New Jersey Department of Civil Service; John McGarrity, Assistant Director of New Jersey Division of Pensions, Department of the Treasury; V. D. Ullrick, an official of New Jersey's Workmen's Compensation Board; William Sommers, Mayor of Atlantic City; H. A. McGowan, City Comptroller of Atlantic City; Frank Morgano, an employee of General Fire & Casualty Company; and Martin Walters, former manager of the Paris Hotel. Answering defendants are Abraham Beame, Mayor of New York City; Joseph Terrenzio, Commissioner for New York City Department of Hospitals; Jule Sugarman, an official of the New York City Department of Social Services; Edward Stern, Director of Ambulatory Services, Metropolitan Hospital; Martie Thompson, Director of Community Action for Legal Services; Robert Barreca, Claims Adjuster for General Fire & Casualty Com-

pany. Robert Piller was not properly served.

Plaintiff sues *pro se* on a number of alleged grievances, some of them barred by prior adjudications in previous litigation. The complaint alleges the grievances to be overt acts in a criminal conspiracy participated in by every defendant to violate her civil rights. Jurisdiction is apparently claimed to exist under 28 U.S.C. § 1343, which gives federal courts the power to hear allegations framed under 42 U.S.C. §§ 1983 and 1985 and on rights guaranteed by the United States Constitution allegedly violated by persons acting under state law.

The plaintiff's complaint charges, *inter alia*, in a potpourri that her husband's death certificate erroneously lists him as widowed, that the error is a compensable tort committed by New Jersey and Atlantic City officials, that she has been wrongfully denied pension benefits. as her husband's widow, that he in his lifetime had a claim for disability benefits to which she is heir, that she has a claim for widow's benefits under the Social Security Act, that she has been denied benefits for injury in an industrial accident under New York Workman's Compensation laws and the Social Security Act and that she has been otherwise damaged by the failure of the authorities to disclose to her that she suffered a hernia in that accident, that she has been incompetently represented by legal counsel, that a former employer failed to report withholding from her wages, and that she is entitled to a tax refund.

In that portion of her complaint directly dealing with the named New Jersey state officials, plaintiff has copied, almost verbatim, the complaint presented on her behalf in an earlier action. Hazzard v. City of Atlantic City, et al., Civ. 1052–71 (D.N.J. Nov. 11, 1971). (These allegations concern the death certificate and the alleged pension and disability benefits connected with her husband's employment by Atlantic City.) In that earlier action, Judge Cohen dismissed the complaint and rendered summary judgment for the defendants therein.

■ Essentially the same grievances were made the subject to a second action by the plaintiff instituted in this District. Judge Frankel dismissed the complaint thereon, on several grounds, noting as to the New Jersey defendants that "the defense of *res judicata* appears to be independently dispositive." (At 13) Hazzard v. Commodore Hotel, et al., Pro Se 72 Civ. 746 (S.D.N.Y. Dec. 5, 1972), cert. denied, 414 U.S. 1134, 94 S. Ct. 876, 38 L.Ed.2d 759 (1974), petition for rehearing denied, U.S.Sup.Ct., 73–5624 (Mar. 18, 1974), appeal dismissed for lack of prosecution, 73–1045 (2d Cir. May 21, 1974). This suit is now her third attempt, and *a fortiori*, plaintiff's allegations concerning the New Jersey defendants are barred by res judicata. Though the named parties in this suit are in some cases different from those named in earlier actions, one not a party to a prior suit can claim the protection of res judicata "if the party against whom it is raised has had a full and fair opportunity to contest the issue[s] . . . ." Ritchie v. Landau, 475 F.2d 151 at 155 (2d Cir. 1973).

■■ Plaintiff stressed in oral argument, and it also appears from her papers, that she sues each defendant in his official capacity. This Court's "remedial power, consistent with the Eleventh Amendment . . . may not include a retroactive award which requires the payment of funds from the state treasury." Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus plaintiff's claims against New York and New Jersey state officials are barred by the Eleventh Amendment.

■ The complaint in this action arguably petitions for review of denial of Social Security benefits. However, 42 U.S.C. § 405(g) and (h) limits this Court's jurisdiction to review Social Security cases to those situations where petitioner has properly exhausted his or her administrative remedies and where

the civil action for review is commenced within sixty days after notification of the final adverse decision as to the claim. Plaintiff appears to have filed several claims with the Social Security Administration—two of these are reportedly now pending. As to each such claim she has either failed to exhaust her administrative remedies or has failed to bring her civil action within sixty days after final disallowance by the Administration.

Possibly, the complaint in this action may be read as presenting a claim for federal income tax refund. However, 26 U.S.C. § 7422(a) states that no proceeding shall be maintained in any Court for the recovery of taxes paid erroneously "until a claim for refund or credit has been duly filed. . . ." Plaintiff has failed to allege the filing of a tax claim with the Internal Revenue Service; thus this Court is without jurisdiction to consider her quest for a tax refund. Mondshein v. United States, 338 F.Supp. 786 (E.D.N.Y.1971), aff'd per curiam, 469 F.2d 1394 (2d Cir. 1973).

The complaint might be liberally construed to include a claim for Workmen's Compensation benefits under New York law. Plaintiff, however, has not alleged proper exhaustion of administrative and state court remedies in connection with this claim. While exhaustion of such remedies is not a prerequisite for jurisdiction of claims framed under 42 U.S.C. §§ 1983 and 1985, Powell v. Workmen's Compensation Bd., 327 F.2d 131, 135 (2d Cir. 1964), the conspiracy allegations here are so vague and conclusory as to foreclose that avenue towards federal court jurisdiction over the claim.

The vague and conclusory allegations plaintiff presents in her complaint are not sufficient to give this Court jurisdiction over the subject matter of the conspiracy charges under 42 U.S.C. §§ 1983 and 1985. Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137 (2d Cir. 1964); Powell v. Jarvis, 460 F.2d 551, 553 (2d Cir. 1972).

Plaintiff is suing the Mayor and Comptroller of Atlantic City for acts or omissions committed in their official capacities. Service was made in New Jersey on these defendants, who are residents of New Jersey. Since this Court must dismiss those clauses in the complaint that allege general conspiratorial responsibility among all defendants for each other's acts, the tortious activity alleged against these two defendants would not give a New York state court jurisdiction over these two defendants. The activity alleged to be tortious was neither within the state nor outside the state with reasonably foreseeable consequences within the state. See N.Y.C.P.L.R. § 302(a), par. 3. Absent an applicable special rule, jurisdiction of a federal court is coextensive with that of a state court in the state in which the federal court sits. Fed.R.Civ.P., Rule 4.

Of the two defendants against whom plaintiff seeks default judgments, one, Robert Piller, was not sufficiently served with process, and the other, Frank Morgano, filed his motion to dismiss two days late. It is within the discretion of the Court to deny motions for default judgment, especially where no prejudice is shown and it appears that defendants have substantial defenses. See, e. g., Albert Levine Associates, Inc. v. Kershner, 45 F.R.D. 450 (S.D.N.Y.1968). Plaintiff's motion to enter default judgments against defendants Piller and Morgano is denied.

In accordance with this opinion this suit is entirely dismissed as against every defendant named herein. (1) The motion to dismiss brought by the United States Attorney for defendants Weinberger, Fier, Spielberger, and Alexander, is granted on grounds that this Court lacks jurisdiction in accord with the respective statutes over the conspiracy claims, the Social Security review petition, and the purported action for refund of federal income taxes. (2) The motion to dismiss brought by the New York Attorney General for defendants Wilson, Lefkowitz, and D'Antoni, is granted on grounds that this Court lacks jurisdic-

tion over the conspiracy charges, that the claim for Workmen's Compensation benefits is not properly before this Court, and that in these circumstances suit against state officials is barred by the Eleventh Amendment. (3) The motion to dismiss and for summary judgment brought by the New Jersey Attorney General for defendants Byrnes, Hyland, Alloway, McGarrity, and Ullrick[1] is granted on grounds of lack of subject matter jurisdiction over the conspiracy charges, of res judicata as to those substantive claims against New Jersey officials, and of the bar of the Eleventh Amendment noted *supra*. (4) Defendant Morgano's motion to dismiss is granted on the grounds that this Court lacks jurisdiction over the conspiracy charges against him. (5) The motion of defendants Somers and McGowan for dismissal for lack of jurisdiction over their persons is granted. (6) Defendant Walters' *pro se* motion to dismiss on the grounds that no cause of action is stated as to him is granted. (7) Plaintiff's motion for default judgments is denied.

Defendants Beame, Terrenzio, Sugarman, Stern, Barreca, and Thompson have not moved to dismiss this complaint. Defendant Piller has not been properly served. There are no allegations in the complaint that any of these defendants committed any acts under color of state law. Consequently, this Court does not have jurisdiction over the subject matter of the charges against them under 28 U.S.C. § 1343. Walker v. Bank of America National Trust & Savings Association, 268 F.2d 16 (9th Cir.), cert. denied, 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959). Since there is no diversity of citizenship in this case, the complaint as to these defendants must be dismissed for want of jurisdiction.

So ordered.

---

1. The New Jersey Attorney General also answered erroneously for Robert Piller, a former attorney for MFY Legal Services in New York. The error, occasioned by the complaint's somewhat confusing caption, seems to have caused no prejudice to any party. Mr. Piller was never served in this action.