**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————————

ERIKA JACOBS,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
REVENUE TAXATION DIVISION,

    Defendant - Appellee.

No. 24-1421
(D.C. No. 1:24-CV-00143-LTB-RTG)
(D. Colo.)

———————————————————————

## ORDER AND JUDGMENT*

———————————————————————

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.

———————————————————————

Erika Jacobs sued the Colorado Department of Revenue (CDR), seeking a tax

refund and punitive damages.  The district court dismissed the action as barred by the Tax

Injunction Act ("TIA"), 28 U.S.C. § 1341.  Liberally construing Ms. Jacobs's pro se

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filings, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Ms. Jacobs's second amended complaint alleged the CDR mailed a tax refund check for $1,150 to her old address, the post office returned it, and then CDR recalculated her taxes.  Instead of reissuing her a refund, it determined she owed about $300.  Ms. Jacobs disagreed, so she sought an order directing the CDR to reissue her refund and imposing punitive damages.

A magistrate judge concluded that the TIA barred Ms. Jacobs's action, divesting the district court of subject matter jurisdiction.  He further determined that Ms. Jacobs had an adequate state-law remedy to challenge her tax liability, and that the statutes she relied upon, 26 U.S.C. §§ 7206 & 7422, were inapposite.  Over Ms. Jacobs's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the action for lack of jurisdiction.  This appeal followed.

## II.  DISCUSSION

We review de novo the district court's dismissal.  *See Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

The TIA states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  "The Tax Injunction Act imposes a broad limitation on federal court interference with state collection of taxes and is not limited to injunctive relief.  The Tax Injunction Act bars

2

declaratory relief, and suits for damages as well." *Marcus*, 170 F.3d at 1309 (brackets and internal quotation marks omitted).

In her second amended complaint, Ms. Jacobs challenged the CDR's determination that she is no longer entitled to her $1,150 tax refund and instead owes about $300 in taxes, but the TIA plainly bars her action. *See Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (concluding TIA barred civil rights action challenging state officials' seizure of untaxed cigarettes). She failed to allege the lack of an adequate state-law remedy to challenge the CDR's tax assessment. The magistrate judge correctly explained that Colorado law offers numerous administrative and judicial means to challenge state tax assessments. *See Liebhardt v. Dep't of Revenue*, 229 P.2d 655, 657 (Colo. 1951) (recognizing Colorado law "affords the taxpayer a plain, speedy and adequate remedy and full opportunity to be heard as to the quantum of the tax and the alleged irregularities leading up to the fixation of tax liability").

As in district court, Ms. Jacobs cites 26 U.S.C. §§ 7206 and 7422 to invoke the district court's jurisdiction. But these statutes are inapposite. Section 7206, a criminal statute, makes it unlawful to file a false or fraudulent tax return. *See, e.g., United States v. Geddes*, 71 F.4th 1206, 1210 (10th Cir. 2023). Section 7422 authorizes civil actions for a tax refund against the federal government, not state governments. *See id.* § 7422(f)(1) ("A suit or proceeding . . . may be maintained only against the United States . . . ."). Ms. Jacobs suggests otherwise, citing two out-of-circuit cases, *Mondshein v. United States*, 338 F. Supp 786 (E.D.N.Y. 1971), and *Radio Shack Corp. v. United States*, 105 Fed. Cl. 617 (2012). But both involved actions against the federal government for

3

refunds of federal taxes, not against state governments for refunds of state taxes. *See Mondshein*, 338 F. Supp. at 787 (describing plaintiff's dispute with the Internal Revenue Service); *Radio Shack*, 105 Fed. Cl. at 621-22 (explaining the Court of Federal Claims' jurisdiction to consider tax refund suits against the federal government to the extent it waived sovereign immunity under § 7422).

Finally, Ms. Jacobs suggests the magistrate and district court judges retaliated against her for filing a previous action. She provides few details, and her reliance on adverse rulings provides no basis to infer disqualifying bias or prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (recognizing that adverse rulings provide no basis for judicial disqualification).

### III. CONCLUSION

We affirm the district court's judgment. We grant Ms. Jacobs's motion to proceed without prepayment of costs and fees.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge