CALLIE E. ROBERTSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. R. ROBERTSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42496, 42497. Promulgated July 11, 1933.

*W. L. Austin, Esq., L. E. Cahill, Esq.,* and *Claude Collard, Esq.,* for the petitioners.

*S. S. Faulkner, Esq.,* and *R. B. Cannon, Esq.,* for the respondent.

638

OPINION.

LANSDON : The petitioners claim their right to deduct from their incomes in 1923 and 1924, respectively, ratable parts of the so-called " intangible " drilling expenses referred to in our findings of fact. The respondent contends that the petitioners, having elected under article 223 of Regulations 62 and article 225 of Regulations 65 to charge such expenditures against capital, are now precluded from claiming them as development expenses. The portion of the regulation invoked by respondent as relating to drilling expenses reads as follows:

Such incidental expenses as are paid for wages, fuel, repairs, hauling, etc., in connection with the exploration of the property, drilling of wells, building of pipe lines, and development of the property may at the option of the taxpayer be deducted as a development expense or charged to the capital account returnable through depletion. * * *

It will be noted that the regulation gives the taxpayer the option to deduct expenditures of the kind here considered as development expenses or to charge them to capital, but does not restrict him as to time or manner by which he is bound to indicate his election. Obviously a reasonable time, according to the circumstances in each case, and some definite commitment, are implied.

In the case considered nothing was done by the partnership or these petitioners to classify the items here considered in the initial year of their operations. At that time, according to the record, these petitioners were under the impression that the relationship between petitioner R. R. Robertson and the other members of the partnership was that of coadventurers in the two oil projects, and that no accounting was to be made until the leases were developed or sold. A choice was made, however, in 1925, when the partnership filed regular and

delinquent returns for 1924 and 1923, respectively. In each of these returns the partnership deducted the amount of such items as expense. In harmony with this classification of expenditures the petitioners thereafter filed their amended returns for 1923 and current returns for 1924, in which they claimed ratable deductions of the items from their gross income as expenses. These acts, we hold, were the only commitments made by the petitioners respecting their choice in the premises considered after adequate knowledge was had upon which they could exercise judgment in respect thereto, and, under the circumstances, must be considered as their election. We, therefore, sustain the contentions of the petitioners respecting this issue. Cf. *Sterling Oil & Gas Co.* v. *Lucas*, 51 Fed. (2d) 413; affd., 62 Fed. (2d) 951.

The next issue relates to expenditures amounting to $12,266.35 which the partnership of Muse & Robertson made during the fiscal year ended August 31, 1925, in carrying out conditions assumed in the acquisition of lease interests. There is nothing in the record to show the character of these expenditures, except the stipulation that they were made " in connection with the drilling of oil and gas wells on the leases named." These leases, however, call for drilling and exploration expenditures which, in their nature, must be regarded as capital expenditures and, the partnership having assumed such obligations, we assume that the amounts in dispute relate thereto. In the absence of proof to show that the respondent committed error in denying these deductions, his determination in regard thereto must be affirmed.

The petitioners paid $8,000 as their one-fifth interest in the $40,000 paid to the Texhoma Oil & Gas Co. to secure the release of a production purchase contract. The respondent holds that this expenditure must be attributed to the cost of selling the oil released by that contract. The record shows that, in so far as the petitioners' one-fifth interest in the oil was concerned, the sale contract in no way encumbered it and that the petitioners refused to recognize it. The contract, however, did constitute a cloud upon the lease, in that it affected four fifths of the entire production and while outstanding was an obstacle to a sale for which they were negotiating with the Prairie Oil & Gas Co. Petitioner R. R. Robertson testified that the purchasing company refused to buy the lease so long as the contract was outstanding, and that they were compelled to purchase it from the Texhoma Oil & Gas Co. in order to clear their title and consummate the sale. This testimony is not contradicted and we must accept it as true. We, therefore, hold this $8,000 item to have been a capital expenditure and not an expense deductible from 1925 income as determined by the respondent.

In computing the gain resulting from the sale of oil leases by the petitioners in 1924, the respondent has disallowed the amount of $7,833 as a part of the cost of the property sold because petitioners were unable to produce the canceled check in evidence. At the hearing petitioner R. R. Robertson testified that he made the payment by cashier's check in the amount claimed and entered the same in the investment account on his books. The canceled cashier's check was not produced. If it is now in existence it is in the files of the bank which issued it and, therefore, not available for production by petitioner. We think the testimony of Robertson that he paid this amount and duly entered it on his books is sufficient to overcome the presumption of correctness that attaches to the determination of the respondent. Accordingly, we hold that petitioners' income for the year 1924 should be reduced in the amount of $7,833.

Resulting from his analysis of petitioners' capital account for 1924, the respondent determined additional income from unidentified sources in the amount of $8,533.24. Since we have found above that the respondent erroneously excluded $7,833 from petitioners' investment or capital account in 1924, it follows that the income from undisclosed sources in that year must be reduced to that extent.

*Decision will be entered under Rule 50.*