## Titus Oil & Investment Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 91993, 94877.   Promulgated November 1, 1940.

*Clark G. Clinton, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, for the respondent.

**OPINION.**

HILL: In computing the deficiencies involved in these proceedings, respondent disallowed deductions claimed by petitioner for intangible drilling and development costs, holding that petitioner, in its original return for 1933, made a binding election, effective for subsequent years, to capitalize such expenditures. The deficiencies involved result in part from the adjustments to income so made by respondent. The sole issue for decision is whether petitioner, in its *original* return for 1933, made a final and deliberate choice to capitalize the controverted

amounts, or whether it made a binding election in its *amended* return for 1933 to charge them to expense.

Respondent defends his action specifically on the ground that at December 31, 1933, petitioner was in possession of all facts essential to the exercise of its right of election, and that by including the intangible drilling and development expenditures made in 1933 in the asset account entitled "Incomplete Wells" it thereby elected to capitalize such items and recover the amount through depletion allowances.

Petitioner contends that at the end of 1933 the facts necessary to enable it to make an election were not known and could not then have been known; that the asset item "Incomplete Wells" shown on its balance sheet was in effect merely a suspense account, and that by the filing of its original return for 1933 it did not intend to and did not in fact make an election to capitalize intangible drilling expenditures. Under the circumstances shown, we think petitioner's contention must be sustained.

While it is true that at December 31, 1933, petitioner's books disclosed the amounts expended in that year for intangible drilling expense, as well as the amounts expended for equipment, it was not known whether additional expense would be incurred. The well was in process of being cleaned out, and some oil had been produced, but the ownership of the oil was in controversy. Furthermore, it was not then known whether the well would be a producer or would be abandoned. Obviously, knowledge of these facts was necessary to enable petitioner intelligently to exercise its right of election to charge drilling expenditures either to capital or to expense. In 1934 the well was completed as a producer, and petitioner received proceeds from the sale of oil properly allocable to 1933. This made it necessary to file an amended return for 1933 to report such additional income, and respondent does not question the propriety of that action.

Petitioner filed such amended return prior to filing its income tax return for the subsequent year 1934, and prior to expiration of the time in which it was required to file its 1934 return. It reported in such amended return the additional income for 1933, and also exercised its right to deduct drilling expenditures as expense. This, we think, constituted the first instance of deliberate choice by petitioner. In our opinion it would be unfair to petitioner to hold that it made an irrevocable election prior to completion of its first well and at a time when not all material facts were known.

There is no statute expressly conferring upon taxpayers the right of election under consideration here, but such privilege is accorded by article 23 (m)–16 of respondent's Regulations 86, issued under the Revenue Act of 1934. Similar regulations have long been in effect under prior acts, and apparently do not require a taxpayer to make

an election prior to completion of his first well. See article 23 (m)–16 (d) quoted in material part below.[1] Under these regulations, petitioner could not be required to exercise its right of election prior to completion of its first well in 1934, and respondent concedes that in its 1934 return it elected to deduct intangible drilling and development costs as expense.

In *Lucas* v. *Sterling Oil & Gas Co.*, 62 Fed. (2d) 951, the Circuit Court had before it facts similar in all material respects to the present proceedings, and both the decision and reasoning of the court support the conclusions we reach hereinabove. See also *Callie E. Robertson*, 28 B. T. A. 635, 639, where we stressed the point that a taxpayer could not be held to have made a deliberate and binding election until adequate knowledge was had upon which judgment could be exercised in respect thereof.

On the issue submitted for decision, respondent's action is disapproved.

*Decisions will be entered under Rule 50.*

---

[1] ART. 23 (m)–16 (d). * * * and a taxpayer who has never made expenditures for a nonproductive well prior to the first taxable year beginning after December 31, 1933, must make an election as to the cost of such wells in the return for the first taxable year in which the taxpayer completes such a well.