Mrs. Sara H. NEEL, as Executrix under the Will of James M. Neel, Deceased,

v.

UNITED STATES of America.

Civ. A. No. 1646.

United States District Court
N. D. Georgia,
Rome Division.

Dec. 12, 1966.

William A. Ingram, Cartersville, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, Senior District Judge.

This is a civil action for the refund of $1,049.94 in income taxes and assessed interest, together with interest as re-

quired by law, which the taxpayer claims were erroneously and illegally assessed and collected by the defendant for the fiscal year December 28, 1958 through November 30, 1959.

### Findings of Fact

The parties herein have filed with this Court a written stipulation of the relevant facts together with the documents attached and referred to therein, which were approved by the Court on September 30, 1966, and filed in the office of the Clerk of this Court on October 3, 1966, which stipulations are here adopted as the findings of fact in this case.

### Summarization of Facts

The Barland Company was and is a partnership owning certain lands whereon and wherein barite ore deposits are located. J. M. Neel during his lifetime and at the time of his death owned a one-fourth interest in this partnership.

Barium Reserves Company was a partnership in which J. M. Neel during his lifetime and at the time of his death owned a one-half partnership interest.

The Barland Company leased on a royalty basis the land and barite ore deposits to Barium Reserves Company who in turn sub-leased it for a higher royalty on the barite ore mining operation.

J. M. Neel died on December 28, 1958.

The Barium Reserves Company lease expired on June 30, 1961. The plaintiff is the transferee of the partnership interest by succession and as such claims that she is entitled to the benefit of the election cost basis permitted by § 754, Internal Revenue Code.

Barium Reserves Company filed its United States partnership information return for the fiscal year July 1, 1958 through June 30, 1959, on September 15, 1959. (Stipulations—paragraphs 3, 6 and 7).

The information of this return is set out in Exhibit B of the stipulations, and shows the net taxable income to the James M. Neel estate to be $8,789.25.

This partnership return did not contain any written statement indicating that the partnership at that time wished to elect to adjust the basis of partnership assets with respect to the partnership interest acquired by the estate of James M. Neel on December 28, 1958, during the partnership's fiscal year provided for by §§ 743 and 754 of the Internal Revenue Code of 1954.

On March 16, 1960, the estate of James M. Neel filed its fiduciary income tax return for the period from December 28, 1958, (date of death of J. M. Neel) to November 30, 1959. (Stipulations—paragraph 9).

In that return the taxpayer included the distributive share of the partnership income from the Barium Reserves Company with an adjustment for cost depletion over and above the percentage depletion claimed on the partnership's return for the period from J. M. Neel's death (December 28, 1958) through June 30, 1959.

This return showed that the plaintiff was using an adjusted cost basis that could have been properly used only by virtue of the election provided by the Internal Revenue Code, §§ 743 and 754. (Stipulations—paragraph 10).

The net result of this adjustment was to reduce the estate's distributive share of the partnership income from $8,789.25, as shown by the Barium Reserves Company return, to $4,141.38.

The estate tax return was filed on March 28, 1960, and valued the decedent's interest in the Barium Reserves Company property as of the date of the death, December 28, 1958. (Stipulation—paragraphs 4 and 5).

On April 2, 1962, the Barium Reserves Company filed an election under § 754 seeking to make it retroactive for the partnership's fiscal year ending June 30, 1959, and asking that the estate of James M. Neel be given the basis used by the estate in its tax return filed March 16, 1960, for the period December 28, 1958 through November 30, 1959, using the

valuation as of the date of the death of James M. Neel.

The Internal Revenue Service contended that such an election filed on April 2, 1962, was untimely under § 754.

The Internal Revenue Service contended that a proper election to adjust the estate's basis in partnership assets under § 754 of the Internal Revenue Code of 1954 had not been filed by the partner with its return for the fiscal year ending June 30, 1959, the Internal Revenue Service determined that the taxpayer was not entitled to claim the higher cost depletion. A deficiency in taxes and interest totalling $1,049.94 was assessed on April 3, 1964 and paid on April 16, 1964.

The parties stipulate and agree that the stipulations together with all the pleadings are submitted to the Court, without the intervention of a jury, for the Court's determination of this cause.

### Question for Decision

The question for decision here is whether, in order for the partner to avail himself of the optional adjustment to the basis of partnership property, the partnership must file the written statement containing the declaration that the partnership elects to apply the provisions of § 734(b) and 743(b) with the partnership return for the first taxable year to which the election applies?

This Court holds that the statute has no such requirement and such requirement cannot be validly imposed by the Commissioner.

### Conclusions of Law

This Court has jurisdiction of the case by virtue of the provisions of § 1346(a) (1) of Title 28, United States Code.

Although a partnership is not a taxable entity, each partnership must file an annual information return showing items of gross income and allowable deductions, and such other information as the Secretary or his delegate may require to carry out the provisions of the law relating to the taxation of incomes from partnerships. The partnership information return must include the names and addresses of individuals entitled to share in the taxable income if distributed, and the amount of the distributive share of each individual.[1]

The basis of partnership property as a general rule is not to be affected by the sale of a partnership interest, by a distribution of partnership property, or the death of a partner.[2]

An exception to this general rule as stated is recognized in the statutes referred to in footnote 2, as provided by 26 U.S.C. (IRC 1954), § 754, which permits a partnership an optional election to adjust the basis of partnership property upon a distribution of property (§ 734), or upon the transfer of a partnership interest by sale or exchange, or upon the death of a partner (§ 743).

Any election affecting the computation of taxable income derived from a partnership shall be made by the partnership,[3] in accordance with the regulations prescribed by the Secretary or his delegate.[4]

The treasury regulations provide that the election "shall be made in a written statement filed with the partnership's return for the first taxable year to which the election applies."[5]

Appropriate treasury regulations provide for the determination of the partner's share of adjusted basis of partnership property.[6]

"The Government does not dispute the fact that had a proper and timely election been filed in the Barium Reserve Company's partnership return for the fiscal year ended June 30, 1959, then the pres-

1. 26 U.S.C.A. (IRC 1954), § 6031.

2. 26 U.S.C.A. (IRC 1954), §§ 734(a) and 743(a).

3. 26 U.S.C.A. (IRC 1954), §§ 703 and 754.

4. 26 U.S.C.A. (IRC 1954), § 754.

5. Treasury Regulations on Income Tax (1954 Code), § 1.754–1 (26 C.F.R., § 1.-754–1).

6. Treasury Regulations on Income Tax (1954 Code), § 1.743–1(b) (2) (iii) (26 C.F.R., § 1.743–1).

ent taxpayer would be entitled to the higher cost depletion, based on the fair market value of the property." [7]

The defendant contends that:

1. The taxpayer is not entitled to the optional adjustment to its basis in the partnership property where the partnership fails to make an election under § 754 in its partnership return for the taxable year in which the taxpayer acquired its partnership interest.

This contention is without merit.

§ 754 by its terms does not require the election to be made with the partnership's return for the taxable year in which the taxpayer acquired her partnership interest. Nor does the statute impose any new limitation on the time in which the partnership may exercise its right of election. This limitation is imposed only by the Commissioner's regulation, § 1.754–1.

██ Though treasury regulations are entitled to consideration and respect and may often be persuasive in resolving ambiguities, regulations which are inconsistent with the statutes on which they are based are invalid.[8]

 The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law—for no such power can be delegated by Congress—but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this but operates to create a rule out of harmony with the statute is a mere nullity. And not only must a regulation, in order to be valid, be consistent with the statute, but it must be reasonable.[9]

██ This principle is no more than a reflection of the fact that Congress, not the Commissioner, prescribes the tax laws. Commissioner's rulings have only such force as Congress chooses to give them, and Congress has not given them the force of law.[10]

██ Regulation § 1.754–1 adopted by the Commissioner has the effect of imposing a penalty, a limitation on the time in which a partnership may elect under § 754 in that it requires the partnership to file the written statement of election "with the partnership return for the first taxable year to which the election applies."

The statute has no such requirement, and such requirement can not be validly imposed by the Commissioner.[11]

2. The defendant further contends that:

To allow the individual partner to make the election under § 754 violates the principle of taxation of partnerships under the Internal Revenue Code of 1954.

██ This contention is meritorious. No general rule which will allow a partner in his individual capacity to make the election can be established. Where, as here, there are only two partners, each owning an equal interest in the partnership and where the plaintiff partner had a legal right to speak for the partnership, as well as for herself, and the right claimed can not operate to the injury of the other partner, even then the individual partner's claim that she is entitled to the optional basis in the partnership property may not be treated as an election by the partnership.[12]

3. The defendant further contends that:

██ To allow the partnership to file an election on April 1, 1962, to apply to the year ending June 30, 1959, would be contrary to Congressional intent, in vio-

7. Government's brief, page 10.

8. United States v. Whitney Land Company, 8 Cir., 324 F.2d 33(2).

9. Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129 at p. 134, 56 S.Ct. 397, 80 L.Ed. 528.

10. Dixon v. United States, 381 U.S. 68, at p. 73, 85 S.Ct. 1301, 14 L.Ed.2d 223.

11. Hornberger v. C.I.R., (5 Cir.), 289 F. 2d 602.

12. Hornberger v. C. I. R., (5 Cir.), 289 F. 2d 602(2).

lation of the Commissioner's regulations, and contrary to the system of partnership taxation under the Internal Revenue Code.

To allow and accept this election by the partnership would violate the Commissioner's regulation (§ 1.754–1), but would not be contrary to Congressional intent, nor contrary to the "system of partnership taxation" under the Internal Revenue Code.

Since the "time of filing" provision of regulation § 1.754–1 has been declared void, this contention is without merit.

Plaintiff is entitled to a judgment, as prayed. Such judgment may be prepared and presented.