Arthur J. MORBURGER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2272.

United States District Court
W. D. Kentucky,
Louisville Division.

Feb. 19, 1969.

John S. Hager of Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., for plaintiff.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for defendant.

### ORDER AND JUDGMENT

JAMES F. GORDON, District Judge.

This action came before the Court on plaintiff's motion for summary judgment filed October 17, 1968, under Rule 56, Federal Rules of Civil Procedure, 28 U.S.Code.

This controversy arises because the defendant disallowed the plaintiff a $4,044 deduction he took on his timely filed 1964 income tax return for intangible development and drilling costs of the Norton Coal Company oil and gas lease.

The uncontroverted affidavits filed by plaintiff, the depositions and answers to interrogatories establish that there are no triable issues of fact. Although the defendant has stated in its brief that there are genuine issues for trial, it has not in accordance with Rule 55(e) set forth specific facts showing that there are any such issues.

There is no dispute about the taxpayer having elected to deduct his 1964 intangible drilling and development costs on the lease in the amount of $4,044. He claimed this deduction on his timely filed 1964 Federal income tax return, the year during which he paid such costs. However, as a member of a group subject to the partnership provisions of Subchapter K of the 1954 Internal Revenue Code, the plaintiff was not entitled to take individually the deduction on his separate return unless the group filed with the District Director a 1065 form and statement signifying the group's intention to exclude the group from the Code partnership provisions. IRC Section 761; Reg. 1. 761–1(a) (2) (iv). The intention of the group members from the very outset was to exclude it from the partnership provisions so that each could make his own intangible election in the manner followed by the plaintiff. By agreements signed before or simultaneously with his acquisition of the leasehold interest, each member agreed that the group was to be excluded from the application of the provisions of Subchapter K.

Unaware of the filing requirements under Regulation 1.761–1(a) (2) (iv), the plaintiff relied on an accountant familiar with such matters to make the necessary filing. Through the account-

ant's inadvertence, the required form and statement were not filed until December 23, 1966, which was after the omission was discovered by the revenue agent in the course of examination of the tax returns of other members in the group.

As a precautionary alternative to the December 23 form and statement filing not to be treated as a partnership, the plaintiff also signed and filed on December 23, 1966, for the group a partnership tax information return for 1964 on which the election to deduct intangible drilling costs was made.

The only questions of law which the Court is required to answer are: (1) whether the Form 1065 and statement electing not to be treated as a partnership was filed too late to be given effect, and if it was, then (2) whether the 1964 partnership tax return was likewise filed too late to be given effect. Since the first issue is resolved in favor of the plaintiff, the second is moot and not decided.

This is not a case where a taxpayer by a belated filing is attempting to obtain a result inconsistent with a prior return; but, on the contrary, it is a case where the belated filing merely confirmed what the taxpayer and his associates intended all along, to-wit, not to be treated as a partnership for tax purposes. The "belated" filing of the statement not to treat the group as a partnership for tax purposes was wholly and completely consistent with the contractual obligations of the members of the group. The December 23, 1966 form and statement filed on behalf of the group is valid and full force and effect should be given to it. United States v. G. W. Van Keppel, 10th Cir. 1963, 321 F.2d 717; Estate of Robert A. Goodall, 24 T.C.M. 807 (1965); Zabelle Emerzian, 20 T.C. 825 (1953); Sterling Oil & Gas Co. v. Lucas, 51 F.2d 413 (6 Cir., 1931); Callie E. Robertson, 28 B.T.A. 635 (1933); Titus Oil & Investment Co., 42 B.T.A. 1134; Neel v. United States, (D.C. N.D.G.A.) 266 F.Supp. 7 (1966); Almeda Realty Corporation, 42

T.C. 273 (1964). Accordingly, the plaintiff's intangible drilling costs deduction shown on his 1964 tax return was improperly and unlawfully disallowed.

A decision having been duly rendered, it is hereby ordered, adjudged and declared as follows:

(1) Plaintiff shall have and receive of the defendant the sum of $833.60, together with interest as provided by law.

(2) All costs of this action shall be taxed to the defendant.