Herbert L. **ALLISON** and Lois J. Allison (now Warfield), Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 71–469.**

United States District Court,
M. D. Pennsylvania.

June 18, 1974.

Opinion on Motion to Amend
Aug. 14, 1974.

---

Nevin Stetler, Michael P. Bianchini, Stetler & Gribbin, York, Pa., for plaintiffs.

S. John Cottone, U. S. Atty. Scranton, Pa., Scott P. Crampton, Asst. Atty. Gen., Donald R. Anderson, Stephen T. Lyons, Attys. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

SHERIDAN, Chief Judge.

This is a civil action for the refund of $8,315.93 in income taxes, together with interest, which the taxpayer claims were erroneously and illegally assessed by the defendant for the calendar year 1962. The case was submitted on a stipulation of facts.

On March 1, 1959, the plaintiff,[1] Herbert L. Allison, received as a gift from his father, Herbert F. Allison, a portion of his father's capital account in a partnership, the Lycoming Equipment Company. On that same date plaintiff entered into a partnership agreement and became a partner in the Lycoming Equipment Company. Plaintiff's contribution to capital was the $200,000 interest from the capital account of his father which plaintiff had received by a deed of gift. The partnership agreement provided that plaintiff's father had the right during his lifetime to repurchase the interest of the plaintiff at

---

1. Lois J. Allison (now Warfield) was a named plaintiff because plaintiffs filed a joint return for the year involved.

book value, and that in the event of the death of plaintiff's father, the plaintiff had the primary right to purchase his father's remaining interest in the partnership at book value.

Plaintiff's father died on January 3, 1961. On March 2, 1961, the plaintiff exercised his primary right to purchase his father's remaining interest in the partnership. At that time the father's capital account in the partnership was overdrawn in the amount of $9,181; thus, by the exercise of his option, plaintiff assumed this liability. On the original federal estate tax return, the father's remaining interest in the partnership was valued at zero since there was a deficit of $9,181 in his capital account. On the federal estate tax return the estate also indicated informationally the father's earlier transfer by deed of gift of part of his capital interest in the partnership to plaintiff.

Following the filing of a petition in the Tax Court of the United States, the estate and the Internal Revenue Service agreed to a settlement under which the estate would value the father's retained partnership interest at $53,550 and the gift interest at $53,550. This settlement was incorporated in an order of the Tax Court on February 9, 1967. The estate tax determination substantially increased the assumed basis for plaintiff's partnership interest, the settlement having in effect increased the basis for the partnership assets acquired by plaintiff as a result of his father's death. Therefore, within a year after the estate tax determination, the partnership filed an election under Section 754 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 754, to make adjustments to the basis of partnership property provided for in Section 743 of the 1954 Code, 26 U.S.C.A. § 743, for the partnership fiscal year beginning March 1, 1961, the first fiscal year after the death of plaintiff's father. Simultaneously, with the filing of the election by the partnership, plaintiffs filed a claim for refund for the calendar year 1962 based on the adjustments to basis of partnership property under Section 743. Plaintiff argues in the alternative that he is entitled to relief under the mitigation provisions of the Internal Revenue Code, specifically under Section 1312(7) of the 1954 Code, 26 U.S.C.A. § 1312(7), reasoning that there was a determination of the basis of property subsequent to an erroneous treatment of a prior transaction. The parties agree that the plaintiff is entitled to a tax refund due to the adjustment to basis of partnership property provided for in Section 743 *if* the partnership election under Section 754 was timely. Since the court has decided that the election under Section 754 was timely, it does not reach the issue of mitigation under Section 1312(7).

Thus, the issue is whether, in order for a partner to avail himself of the optional adjustment to the basis of partnership property, the partnership must file the written statement, containing the declaration that the partnership elects under Section 754 to apply to provisions of Section 743, with the partnership return for the first taxable year to which the election applies.

Although a partnership is not a taxable entity, each partnership must file an annual information return showing items of gross income and allowable deductions, and such other information as the Secretary or his delegate may require to carry out the provisions of the law relating to the taxation of incomes from partnerships. The partnership information return must include the names and addresses of individuals entitled to share in the taxable income if distributed, and the amount of the distributive share of each individual. 26 U.S.C.A. § 6031.

The basis of partnership property as a general rule is not to be affected by the sale or exchange of a partnership interest, by the death of a partner, or by a distribution of partnership property. 26 U.S.C.A. §§ 734(a) and 743(a). However, Sections 734(b) and 743(b) permit an adjustment if the partnership makes an election under Section 754. The adjustment to the basis of the partner-

ship's assets is for the benefit of the transferee partner only, and the basis adjustment is measured by the difference between the transferee's basis for his partnership interest and his proportionate share of the partnership's basis for its assets at the time of the transfer.

The treasury regulations provide that the Section 754 election "shall be made in a written statement filed with the partnership's return for the first taxable year to which the election applies." 26 C.F.R. § 1.754-1. The statute has no such time requirement and the court holds that such a requirement cannot be validly imposed by the Commissioner, at least not under the facts of this case.

 Though treasury regulations are entitled to consideration and respect and may often be persuasive in resolving ambiguities, it is clear that a regulation is invalid if it is inconsistent with the statute upon which it is based or if it is unreasonable. United States v. Whitney Land Co., 8 Cir. 1963, 324 F.2d 33; Abbott v. Commissioner of Internal Revenue, 3 Cir. 1958, 258 F.2d 537; Commonwealth Development Association of Pennsylvania v. United States, M.D.Pa. 1973, 365 F.Supp. 792. The power of an administrative officer or agency to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law—for no such power can be delegated by Congress—but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute is a mere nullity. Thus, a regulation to be valid must not only be consistent with the statute but also must be *reasonable*. Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 1936, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; United States v. Whitney Land Co., 8 Cir. 1963, 324 F.2d 33. This principle is no more than a reflection of the fact that Congress, not the Commissioner, prescribes the tax laws. Dixon v. United States,

1965, 381 U.S. 68, 73, 85 S.Ct. 1301, 14 L.Ed.2d 223.

In Neel v. United States, N.D.Ga.1966, 266 F.Supp. 7, the court declared regulation 1.754-1(b) void holding that the time limitation with respect to making a Section 754 election was unreasonable and could not be validly imposed by the Commissioner. The court allowed a partnership to file an election under Section 754 on April 1, 1962, to be applied retroactively to the partnership fiscal year which ended June 30, 1959, the year in which the transfer of a partnership interest due to the death of a partner occurred. Thus, the court permitted the transferee partner taxpayer to avail himself of the adjustment to the basis of partnership property provided for in Section 743. The court held that the limitation on the time in which the partnership may exercise its right of election, imposed only by the Commissioner's regulation, § 1.754-1, and not by the statute, had the effect of imposing a penalty and was unreasonable.

In Estate of Dupree v. United States, 5 Cir. 1968, 391 F.2d 753, the court decided that an attempt to make a Section 754 election was too late. As a result of a sale in August 1960 of a motel owned by the partnership, the partnership filed a Section 754 election with respect to a transfer of a partnership interest that had occurred in 1957. The election was filed in an amended partnership return in September 1963 which sought to amend the partnership return for its fiscal year ending on March 31, 1961, which had reported the motel sale of August 1960. The partnership in filing its original return on July 15, 1961, did not make the Section 754 election. Likewise, the election had not been made in the return for 1957, the year of transfer of the partnership interest. The court held that the election could not be by an amendment filed over two years after the original return for 1960 was due. The court stated:

> " . . . Cases involving elections under other sections of the Internal Revenue Code have permitted an elec-

tion to be validly exercised only in an original return or in a timely amendment, with 'timely amendment' meaning if filed within the period provided by the statute for filing the original return. J. E. Riley Investment Company v. Commissioner of Internal Revenue, 311 U.S. 55, 61 S.Ct. 95, 85 L. Ed. 36 (1940); Scaife & Sons Co. v. Commissioner of Internal Revenue, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339 (1941). We conclude that for a valid election to have been made for the taxable year 1960, it should have been timely made in the original return or by an amended return filed within the statutory time for filing the original return." 391 F.2d at 758–759.

The court did not reach the issue decided in *Neel*:

"In view of our conclusion that the election was made too late to be valid, it is unnecessary to consider and decide the second defense of the government that an election could be made for the first time only in the year of the transfer—1957. We note that a recent district court case, Neel v. United States, 266 F.Supp. 7 (N.D. Ga., 1966), decided that issue adversely to the government but we express no opinion here as to that case or issue, declining instead to consider it because of it being unnecessary to do so in order to decide the case before us." 391 F.2d at 759.

It should be noted that while it would be unreasonable to have expected the partnership in the instant case to have filed a Section 754 election any sooner than it did, in *Dupree* there would appear to be no legitimate reason for the partnership not having made the election earlier.

■ The time limitation imposed in Commissioner's regulation 1.754–1 is patently unreasonable, at least with respect to cases involving the transfer of a partnership interest due to the death of a partner, in that in many instances the value of the partnership interest is not finally determined, as here, in the same year the transfer due to death occurred. Until the value of the partnership interest is finally determined, an intelligent decision whether to elect under Section 754 is impossible. In the instant case, plaintiff filed his Section 754 election shortly after the federal estate tax settlement of the deceased partner, incorporated in the order of the Tax Court, which had the effect of greatly increasing the basis of plaintiff's partnership interest. To require a partnership to file a Section 754 election before the basis of a transferred interest has been finally determined simply is not rational. Congress imposed no time limitation in the statute with respect to making an election under Section 754, and although a more narrowly drawn regulation with respect to the timing of an election might be valid, one that proscribes an election under the facts of this case and similar cases involving transfers of partnership interests due to the death of partners is untenable and void. Since the regulation goes a long way toward negating the relief which Congress intended should be available to a transferee partner, the regulation is a nullity.

The court holds that the Section 754 election filed in the instant case is timely under the *statute* and hence is valid. The taxpayer therefore is entitled to a refund.

### On Motion To Amend

Defendant has filed a "motion to amend memorandum opinion" under Rule 52(b) or, in the alternative, under Rule 60(b) of the Federal Rules of Civil Procedure [1] seeking relief from the memorandum and judgment of this court issued on June 18, 1974. The motion is directed to what the defendant believes

---

1. The defendant filed ts motion under Rule 52(b) on the assumption that the judgment entered by the court was not a final judgment. At the hearing on the motion on August 1, 1974, the defendant moved in the alternative under Rule 60(b) for relief from a final judgment.

has been judicial error in the court's earlier decision. On June 18, the court in a memorandum declared Commissioner's regulation 1.754–1, 26 C.F.R. § 1.-754–1, void reasoning that the time limitation with respect to making a Section 754 election, 26 U.S.C.A. § 754, imposed by the regulation, is unreasonable and goes a long way toward negating the relief which Congress intended should be available to a transferee partner. Allison v. United States, M.D.Pa. No. 71–469 Civil, 379 F.Supp. 490 (filed June 18, 1974). Thus, the court held that the Section 754 election filed in the instant case by the partnership was timely under the statute and hence the plaintiff was entitled to a tax refund. Pursuant to this decision, the court entered the following judgment:

> "In accordance with the memorandum this day filed, judgment is hereby entered in favor of plaintiffs and against defendant in an amount to be stipulated by the parties within thirty (30) days, as provided in paragraph 33 of the Stipulation of Facts."

Defendant's motion is not directed to the court's holding with respect to the invalidity of Commissioner's regulation 1.754–1. Rather the defendant asserts that by virtue of a jurisdictional statute of limitations embodied in 26 U.S.C.A. § 6511(a) the court lacks jurisdiction of this action. This contention is now put forth despite the fact that in the stipulation of facts [2] the parties agreed that the court has jurisdiction over this case. Defendant's motion for the first time specifically asserts the statute of limitations set forth in 26 U.S.C.A. § 6511(a) as a bar to this action. In its memorandum in support of its motion to amend memorandum opinion, the defendant states:

> ". . . In fact at oral argument Government counsel, to the best of his recollection, may well have made the mistake of stating that the mitigation question need only be considered if the Section 754 election was untimely.

Unfortunately just the opposite is true. For this mistake, we apologize and file this motion for correction of the error into which our arguments led the Court. Our error is regretted, but it is the time-honored maxim that parties cannot confer subject matter jurisdiction on a Court. . . ." (Footnote omitted.) Memorandum in Support of Defendant's Motion to Amend Memorandum Opinion, page 1.

■ Before proceeding to the merits of the issue of jurisdiction raised by defendant's motion, the court first must decide whether the motion is timely. A motion under Rule 52(b) of the Federal Rules of Civil Procedure must be made within ten days after entry of judgment. Defendant's motion in the instant case was filed on July 17, 1974, more than ten days after the entry of judgment. The government contends that the judgment entered on June 18, 1974, is not final since no dollar amount was entered. If this is so, then the motion under Rule 52(b) is timely. However, the court is of the view that the judgment was a final judgment and that the motion filed is too late to be timely under Rule 52(b).

■ Defendant's motion, however, is timely under Rule 60(b)(1), which authorizes the court to correct an error of its own, *sua sponte* or pursuant to a motion made by a party, within the time for appeal of the judgment from which relief is sought. Sleek v. J. C. Penney Co., 3 Cir. 1961, 292 F.2d 256; McDowell v. Celebrezze, 5 Cir. 1962, 310 F.2d 43; Gila River Ranch, Inc. v. United States, 9 Cir. 1966, 368 F.2d 354; Sommer Corp. v. Panama Canal Co., 5 Cir. 1973, 475 F.2d 292, 299; Crane v. Kerr, N.D.Ga. 1971, 53 F.R.D. 311; *see* 7 Moore, Federal Practice § 60.22[3]. Since the defendant moved under Rule 60(b)(1) within the time for appeal in this case, which is sixty days because the United States is a party, Rule 4 of the Rules of Appellate Procedure, 28 U.S.C.A. § 2107, the defendant's 60(b)(1) motion is timely and the court has the power to alter

---

2. This case was submitted to the court for decision on a stipulation of facts.

or amend its previous decision and judgment.

■ ■ The court now turns to the substantive issue of jurisdiction. It is fundamental that a suit for a refund of federal income taxes may not be maintained unless an administrative claim for refund first has been timely made. Richardson v. United States, S.D.Tex. 1971, 330 F.Supp. 102. In this connection, 26 U.S.C.A. § 7422(a) provides:

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

With respect to the filing of an administrative claim for refund, 26 U.S.C.A. § 6511(a) provides:

"(a) Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid."

It is apparent that the filing of an administrative claim for refund within the time prescribed in Section 6511 is a prerequisite to invocation of a district court's jurisdiction to entertain an action for a tax refund. Ancel v. United States, 7 Cir. 1968, 398 F.2d 456; Mondshein v. United States, E.D.N.Y.1971, 338 F.Supp. 786, aff'd, 2 Cir. 1973, 469 F.2d 1394. While it is true that a strong argument can be made in support of the contention that the government has waived the statute of limitations in the instant case, Sections 6511 and 7422 are jurisdictional and hence the Commissioner of Internal Revenue is without power to waive the bar of the statute of limitations against a claim for tax refund. United States v. Garbutt Oil Co., 1938, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405; Old Dominion Box Co., Inc. v. United States, 4 Cir. 1973, 477 F.2d 340, 347, cert. denied, 1973, 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed. 2d 148; Insuranshares & General Management Co. v. United States, 1941, 38 F. Supp. 835, 93 Ct.Cl. 643; see Ancel v. United States, 7 Cir. 1968, 398 F.2d 456. Therefore, plaintiff's action is barred by the jurisdictional statute of limitations, unless plaintiff's claim falls within the purview of the mitigation provisions embodied in 26 U.S.C.A. §§ 1311–1315.

■ The mitigation sections provide that under specified circumstances, where an error has been made in the inclusion or exclusion of an item of income or in the allowance or disallowance of a deduction or in the tax treatment of a transaction affecting the basis of property, the error may be corrected even though the period of limitations has run for that year. O'Donnell v. Belcher, 5 Cir. 1969, 414 F.2d 833; Karpe v. United States, 1964, 335 F.2d 454, 167 Ct.Cl. 280, cert. denied, 1965, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558. The purpose of the mitigation provisions is to eliminate a double tax or a double deduction or an inequitable avoidance of tax. Benenson v. United States, 2 Cir. 1967, 385 F.2d 26. By means of allowing an adjustment of an item of tax for an otherwise closed year in situations where there arises a determination with respect to that item of tax for a current year and which determination results in the prior

erroneous handling of the item in the closed year, Congress has provided for the correction of inequities and yet kept intact the essential function of the statute of limitations. The mitigation provisions are designed to attribute income or deductions to the proper year and to the proper taxpayer and to establish the proper basis for depreciable property. *See generally* 2 Mertens, Law of Federal Income Taxation §§ 14.01–14.22 (rev. ed. 1967).

Except in two circumstances not involved in the instant case, the inequity arising must be caused by an inconsistent position taken either by the taxpayer or the government. Under the language of 26 U.S.C.A. § 1311(b)(1)(A), which sets forth this requirement, a taxpayer can obtain an adjustment for a closed year only if ". . . there is adopted in the determination a position maintained by the Secretary or his delegate . . . and the position maintained by the Secretary or his delegate . . . is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be." The mitigation provisions only apply in the case of active inconsistency by the party pleading the bar of the statute of limitations. Glatt v. United States, Ct.Cl.1972, 470 F.2d 596; Brigham v. United States, Ct.Cl. 1972, 470 F.2d 571, cert. denied, 1973, 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65; Heineman v. United States, 1968, 391 F. 2d 648, 183 Ct.Cl. 17; Mondshein v. United States, E.D.N.Y.1971, 338 F. Supp. 786, aff'd, 2 Cir. 1973, 469 F.2d 1394. The requirement of inconsistency of position is to avoid the complete abrogation of the statute of limitations. The successful maintenance of an inconsistent position affecting an item in a current year so as to cause its erroneous handling in a closed year results in surprise and hardship unremediable without the mitigation sections. However, it should be emphasized that the mitigation provisions do not purport to relieve against all inequities occasioned by the statute of limitations. United States v. Rushlight, 9 Cir. 1961, 291 F.2d 508; Mondshein v. United States, supra.

One claiming the benefits of the mitigation provisions must assume the burden of proving its applicability and must demonstrate he meets the specific requirements of the provisions needed to bring himself within one of the specified circumstances of adjustment. United States v. Rushlight, supra; Benenson v. United States, supra. An examination of the facts, as stipulated by the parties, discloses that the necessary inconsistency does not exist. There is no indication that the government's position in the estate tax settlement involving the estate of Herbert F. Allison, with respect to the valuation of the gift interest and the retained partnership interest of plaintiff's father,[3] was inconsistent with its position as to the valuation of these items in the earlier tax year for which the plaintiff seeks a refund. Indeed the government's position with respect to valuation of the items in question apparently has always been the same. The requirement of Section 1311(b)(1) is that the determination adopt a position inconsistent with the error and that this position must have been actively maintained by the party seeking to interpose the bar of the statute of limitations. Karpe v. United States, supra; Heineman v. United States, supra; Glatt v. United States, supra; Mondshein v. United States, supra. This court can perceive no such inconsistency on the part of the Commissioner in the instant case. The government has not attempted to place different values on the items in question at different times nor in any other manner maintained an inconsistent position.

The court holds that the plaintiff's claim does not fall within the purview of the mitigation provisions, 26 U.S.C.A. §§ 1311–1315, because there has been no in-

---

3. For a detailed recitation of the underlying facts of this case, see this court's earlier memorandum, Allison v. United States, M.D. Pa. No. 71–469 Civil, 379 F.Supp. 490 (decided June 18, 1974).

consistent position maintained by the Commissioner that has been adopted in a determination, as required by Section 1311(b)(1)(A).[4] Therefore, the statute of limitations, embodied in 26 U.S.C.A. §§ 6511(a), 7422(a), bar this action and the court lacks jurisdiction over the subject matter of this case.

This memorandum is in support of this court's order and judgment of August 14, 1974, which granted defendant's motion to amend memorandum opinion under Rule 60(b) of the Federal Rules of Civil Procedure, declared void and vacated the court's earlier judgment of June 18, 1974, denied plaintiff's request for a tax refund, and entered judgment for the defendant.

---

4. The court need not decide and expresses no opinion as to whether the plaintiff has met the other requirements that must be satisfied in order to qualify for mitigation under 26 U.S.C.A. § 1312(7). Section 1312 (7) provides for an adjustment where a determination fixes the basis of property and where there was an erroneous treatment of an income or deduction item or an erroneous recognition or nonrecognition of gain or loss in a transaction (1) on which the basis of property depends or (2) which was erroneously treated as affecting such basis. *See generally* 2 Mertens, Law of Federal Income Taxation, §§ 14.10, 1416 (rev. ed. 1967).