T.C. Summary Opinion 2004-15

UNITED STATES TAX COURT

HARRIS RABINOVICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14998-02S.                Filed February 11, 2004.

Harris Rabinovich, pro se.

<u>Russell K. Stewart</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for unpaid Federal income tax and related liabilities for 1997.[2]

The issue for decision is whether respondent abused his discretion in determining that certain asserted overpayments are not available as a collection alternative to offset petitioner's unpaid Federal income tax and related liabilities for 1997.

### Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Philadelphia, Pennsylvania, at the time the petition was filed.

In April 1986, petitioner sent respondent a check dated April 8, 1986, in the amount of $5,000 (hereinafter 1986 payment) along with Form 4868, Extension of Time To File U.S. Individual Income Tax Return,[3] for the 1985 taxable year. The 1986 payment reflected the "Income tax balance due" that petitioner was to "Pay in full with" Form 4868.

Respondent then sent petitioner a notice dated June 1, 1987, notifying petitioner (1) that he and Ms. Ilene Block had made errors on the Form 1040, U.S. Individual Income Tax Return, that

---

[2] As of May 31, 2002, the unpaid amount for the 1997 taxable year was $8,377.73.

[3] The purpose of Form 4868 is "to ask for an automatic 4-month extension to file Form 1040A or Form 1040." A condition for having the extension granted is payment of the "Income tax balance due", which in this case was $5,000.

they filed for the 1985 taxable year and (2) that they were
entitled to a refund of $9,967.81 after having made total
payments and credits of $33,817.32 on the basis of the following:

| | |
|---|---|
| Tax withheld | $11,709.55 |
| Estimated tax payments | 17,107.77 |
| Other credits | -0- |
| Other payments | 5,000.00 |
| Total payments and credits | 33,817.32 |

The record is unclear as to whether petitioner received any
portion of the refund of $9,967.81 or whether this amount was
credited to a subsequent taxable year.  The record is also
unclear as to when the 1985 return was actually filed, but on the
basis of the notice, we presume petitioner filed the return
sometime before June 1, 1987.

Petitioner also sent respondent a check dated February 8,
1995, in the amount of $10,000 (hereinafter 1995 payment) as
payment of taxes for the 1994 taxable year.  Petitioner, however,
did not file a Federal income tax return for the 1994 taxable
year until May 14, 1997, at which time petitioner had a reported
tax liability of $32,490.86 and credits of $43,677.64 for that
taxable year.  The credits for the 1994 taxable year include the
1995 payment.  That payment is reflected in respondent's literal
transcripts of petitioner's tax accounts, which show a posting of
$10,000 on February 23, 1995.

Consistent with petitioner's request, the excess credits for the 1994 taxable year--$11,186.78--were carried over and applied to the 1995 taxable year.  However, the Federal income tax return for the 1995 taxable year was not filed until August 14, 2001, at which time petitioner had a reported tax liability of $29,065.18 and total credits (including the carried-over amount) of $41,814.78 for that taxable year.

A portion of the excess credits for the 1995 taxable year--$9,377.60[4]--was carried over and applied to the 1996 taxable year, the Federal income tax return for which was not filed until either August 2001 (according to petitioner) or March 26, 2002 (according to respondent).  For the 1996 taxable year, petitioner had a reported tax liability of $33,210 and total credits of $37,632.

Respondent did not apply the excess credits--$4,422--from the 1996 taxable year to the 1997 taxable year.  Petitioner did not file his Federal income tax return for the 1997 taxable year until October 3, 2001, when he had credits of $28,743 that were insufficient to cover the reported tax liability of $34,456.

---

[4] According to respondent, the remaining excess credits--$3,372--were erroneously applied to the 1998 taxable year. Respondent contends that he is not seeking recovery of this erroneous application.

We summarize the foregoing chronology with the following table:

| Year | Date Return Filed | Tax Liability | Credits |
|------|-------------------|---------------|---------|
| 1994 | 5/14/1997 | $32,490.86 | $43,677.64 |
| 1995 | 8/14/2001 | 29,065.18 | 41,814.78 |
| 1996 | 8/2001 or 3/26/2002 | 33,210.00 | 37,632.00 |
| 1997 | 10/3/2001 | 34,456.00 | 28,743.00 |

Respondent seeks to collect the balance of the unpaid tax liability, plus any accrued interest and additions to tax, for 1997. Respondent issued petitioner a notice of intent to levy on or about April 20, 2002.

At a hearing before respondent's Appeals officer,[5] petitioner was presented with literal transcripts of his tax accounts for the years 1994 through 1998. On August 28, 2002, the Appeals Office issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, notifying petitioner of the determination to proceed with collection of the 1997 income tax liability.

In his petition to this Court, filed September 20, 2002, petitioner alleged in part:

> I sent a check in the amount of $5,000. 4/4/86 to the Internal Revenue Service which was never acknowledged. I have sent letters to the Internal Revenue Service for years asking about this money.

---

[5] The parties did not provide us with a copy of the Form 12153, Request for a Collection Due Process Hearing, submitted by petitioner.

* * * The Internal Revenue Service claims that there is a statute of limitations on this issue. * * *

I had an overpayment of $ 11,404.[6] on my 1994 tax return. I designated this money to be applied to my 1995 taxes and if there were more overpayments to subsequent years. This money was confiscated by the Internal Revenue Service as a refund. I am not allowed to use this money to pay income taxes for years 1995-1998. * * * All that I am asking is that I be able to use the money that I sent to the Internal Revenue Service to pay my taxes and not to have to pay my taxes twice.

Petitioner does not dispute the existence or amount of the underlying tax liability for 1997. Indeed, petitioner testified at the time of trial: "I want to acknowledge the fact that I was delayed in filing returns for 1995, '96, '97, '98; that I owed tax for those years, penalties and interest". Rather, petitioner contends that he has two sources of overpayments--the 1986 payment and the 1995 payment--to offset his unpaid Federal income tax and related liabilities for 1997.[7]

---

[6]  At the time of trial, petitioner asserted that the source of the overpayment for the 1994 taxable year was the 1995 payment.

[7]  Petitioner does not raise in his petition the issue whether the $4,422 of excess credits from the 1996 taxable year should be available to offset his outstanding liabilities for 1997. Any issue not raised in the petition as an assignment of error shall be deemed to be conceded. Rule 331(b)(4). Even if petitioner had raised the issue, we conclude that the look-back provisions of sec. 6511(b), as we shall explain later, would bar application of his 1996 overpayment to his outstanding liabilities for 1997 when his return for that taxable year was filed Oct. 3, 2001.

Respondent contends that the statute of limitations under section 6511 bars application of these overpayments to offset petitioner's unpaid liabilities for 1997. Thus, respondent contends that the Appeals officer did not abuse his discretion in making the determination under section 6330.

Discussion

1. Nature of the Arguments Under Section 6330(c)(2)

Under section 6330, a taxpayer is entitled to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid Federal taxes. At the hearing, the Commissioner (or his Appeals officer in particular) must obtain verification that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The Commissioner, however, need not rely upon a particular document to satisfy the verification requirement. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003); Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

It is well established that the Commissioner may rely upon literal transcripts of account to satisfy the section 6330(c)(1) verification requirement. McIntosh v. Commissioner, T.C. Memo. 2003-279; see also Hauck v. Commissioner, T.C. Memo. 2002-184

(and cases cited therein), affd. 64 Fed. Appx. 492 (6th Cir. 2003). In the present case, respondent satisfied the verification requirement when petitioner was presented with literal transcripts of his tax accounts for the years 1994 through 1998.

Besides satisfying the verification requirement, the Commissioner also must take into consideration in his determination any issues raised by the taxpayer under section 6330(c)(2) and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). Under section 6330(c)(2), the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including but not limited to challenges to the appropriateness of the collection actions and offers of collection alternatives.

2. Standard of Review

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330. Sec. 6330(d). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000).

The only relevant issue raised by petitioner is whether the 1986 payment, the 1995 payment, or any overpayment associated with petitioner's 1994 tax return constitutes a valid collection alternative to satisfy his unpaid Federal income tax and related liabilities for 1997. Respondent determined that none of these sources of payment is a valid collection alternative because the period of limitations under section 6511 expired so as to bar any credits or refunds.

3. Statute of Limitations Under Section 6511

A claim for credit or refund of an overpayment of any tax[8] shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of those periods expires later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Sec. 6511(a). A taxpayer's claim for credit or refund is timely if it is filed within 3 years from the date his income tax return is filed, regardless of when the return is filed. See Rev. Rul. 76-511, 1976-2 C.B. 428; see also Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996); Omohundro v. United States, 300 F.3d 1065, 1069 (9th Cir. 2002).

---

[8] The record clearly indicates that petitioner's remittances to respondent in 1986 and 1995 constitute payments of tax and not deposits in the nature of a cash bond. Such a deposit is not subject to a claim for credit or refund. Rev. Proc. 84-58, 1984-2 C.B. 501.

However, the amount of credit or refund is not unlimited and is subject to 2 "look-back" periods. Commissioner v. Lundy, supra. Under the 3-year look-back period, if the claim was filed within 3 years of the filing of the return, then the taxpayer is entitled to a refund of taxes paid within 3 years immediately preceding the filing of the claim. Sec. 6511(b)(2)(A). Under the 2-year look-back period, if the claim was not filed within that 3-year period, then the taxpayer is entitled to a refund of only those taxes paid during the 2 years immediately preceding the filing of the refund claim. Sec. 6511(b)(2)(B). And if no claim is filed, the credit or refund cannot exceed the amount that would be allowable under section 6511(b)(2)(A) or (B) if a claim were filed on the date the credit or refund is allowed. Sec. 6511(b)(2)(C).

Moreover, in the case of any overpayment by a taxpayer, the Commissioner generally may, within the applicable period of limitations, credit the amount of such overpayment against any tax liability of that taxpayer. Sec. 6402(a).

Petitioner contends that respondent did not acknowledge the 1986 payment. While respondent's notice dated June 1, 1987, indicates otherwise,[9] even if petitioner's contention had merit, section 6511(a) bars application of the 1986 payment to offset

---

[9] The notice to petitioner clearly indicates "Other Payments" of "$5,000.00".

the outstanding liability for 1997.  For section 6511(a) to not serve as a bar, petitioner needed to file either a claim for credit or a claim for refund within the later of 3 years of when he filed his 1985 return or 2 years of the 1986 payment.  He did neither.

Petitioner also contends that his 1995 payment is another source of overpayment that may be applied to offset his outstanding liability for 1997.  However, the record indicates that this amount was part of the $11,186.78 of excess credits for the 1994 taxable year used to offset the tax liability for 1995.  This offset was consistent with petitioner's request and was done by respondent under the authority of section 6402(a).  If petitioner intended the 1995 payment to be used as an offset of his 1997 outstanding liability, then section 6511(a) serves as a bar.  Petitioner failed to file a claim for credit or refund by May 14, 2000.[10]  Even if we were to treat the 1994 return as a claim for credit or refund instead of as a return, petitioner would run afoul of the 2-year look-back period under section 6511(b)(2)(B), because the 1995 payment of February 23, 1995, did not fall within the 2-year period immediately preceding the filing of his claim on May 14, 1997.

---

[10]  May 14, 2000, represents the date that is 3 years from the date the 1994 return was filed.  Two years from petitioner's 1995 payment is Feb. 23, 1997.

Under certain circumstances, the period of limitations under section 6511(a) may be tolled or the harshness of the statute may be mitigated. If the taxpayer is "financially disabled" as defined under section 6511(h)(2), then the running of the periods specified in section 6511 may be suspended. Sec. 6511(h)(1). Otherwise, the period of limitations under section 6511(a) may not be tolled on grounds of equity. United States v. Brockamp, 519 U.S. 347, 354 (1997); Kreiger v. United States, 539 F.2d 317, 320-321 (3d Cir. 1976). In the alternative, section 6511 may be mitigated under the provisions of sections 1311 through 1314 or by application of the judicial doctrines of recoupment, setoff, and estoppel. See, e.g., Allison v. United States, 379 F. Supp. 490, 496-497 (M.D. Pa. 1974) (regarding mitigation provisions of sections 1311 through 1314). In the present case, there is no evidence of financial disability warranting tolling of the periods of limitation under section 6511. Nor is there any evidence of circumstances warranting application of either the mitigation provisions or the judicial doctrines of recoupment, setoff, and estoppel.

Accordingly, we conclude that section 6511 bars application of the 1986 payment, the 1995 payment, or any overpayments associated with the 1994 return to petitioner's outstanding

liabilities for 1997.[11]  This conclusion may seem harsh, but the purpose of the statute of limitations is "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-349 (1944).  It must be noted that statutes of limitations in the Internal Revenue Code do not operate solely against taxpayers. For example, taxpayers may plead the expiration of a period of limitations under section 6501 when the Commissioner fails to act within the prescribed assessment period.

4.  Conclusion

There is no basis in the record for the Court to conclude that respondent abused his discretion with respect to any of the matters in issue.  Accordingly, for the reasons discussed above, respondent's determination to proceed by levy with the collection of petitioner's outstanding liability for 1997 should be sustained, and we so hold.

We have considered all of petitioner's arguments and contentions that are not discussed herein relating to whether respondent may proceed with collection with respect to petitioner's outstanding liability for 1997, and we conclude

---

[11]  As we indicated earlier, it appears that respondent has accounted for all of these payments and has used them to offset petitioner's tax liabilities.

those arguments and contentions are without merit and/or irrelevant.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.